Dickman, C. J.
The special assessment, theva-' lidity of which is in controversy, was on the front foot plan, one of the modes of assessment designated in the Revised Statutes. The only question in this case which we deem it necessary to consider is, whether the costs and expenses of appropriating property to open Culvert street, should have been assessed per front foot upon the lots and lands bounding and abutting upon Culvert street, as opened between the north line of Fifth street and the south line of Sixth street, or, should have been assessed only on the lots and lands bounding and abutting upon that section of the street which embraced the improvement or property appropriated. And the same question, in principle, it may be here stated, was not, as suggested in argument of counsel, considered or passed upon by this court in the Anderson and Rademacher cases, decided in Caldwell v. Carthage, 49 Ohio St., 334.
It is provided by section 2264 of the Revised Statutes, that vdien the corporation appropriates lots or lands for the purpose of opening, or widening a street, the council may decline to assess the costs and expenses of such appropriation on the general tax list, in which event, such costs and ex *340 penses “shall be assessed by the council on the abutting and such adjacent and contiguous or other benefited lots and lands in the corporation, either in proportion to the benefits which may result from the improvement, or according to the value of the property assessed, or by the foot front of the property bounding and abutting upon the improvement, as the council, by ordinance setting forth specifically the lots and lands to be assessed, may determine before the improvement is made, and in the manner and subject to the restrictions herein contained.” The statute thus provides three forms of special assessment: (1) in proportion to benefits resulting from the improvement; (2) according to the value of the property assessed; and (3) by the foot front of the property bounding and abutting upon the improvement, three statutory modes of apportioning by special assessment, the costs and expenses of the improvement upon the lots and lands deemed to be especially benefited thereby.
The earliest law in this state authorizing municipal corporations to levy special assessments, to pay for land appropriated for opening or widening streets, on the property benefited thereby, independently of frontage or the value of the abutting property assessed, is found in section 539 of the Municipal Code of 1869,. as amended April 12, 1873 (70 Ohio Laws, 126). By that section, the council had power to assess the costs and expense of such appropriation upon the lots or lands benefited thereby — including not only the lots and lands abutting upon the street, but also those contiguous and adjacent. By subsequent section 579, it was provided, that if in the opinion of the council or board of improvements, the same would be equit *341 able, a proportion of the cost of making the improvement might be assessed upon such other lots or lands within the corporation, not bounding- or abutting upon the improvement, as would, in the opinion of the council or board, be specially accommodated and benefited thereby. And by section 584, in all cases in which it might be determined to assess the. whole or any part of the cost of any improvement upon the lots or lands bounding or abutting upon the same, or upon other lots or lands benefited thereby, the council might require the board of improvements, or might appoint three disinterested freeholders of the corporation, or vicinity, to report to the council an estimated assessment of such cost on the lots or lands to be charged therewith, in proportion, as nearly as might be to the benefits which mig’ht result from the improvement to the several lots or parcels of lands so assessed. The aforegoing provisions of sections 539 and 579 are substantially embodied in section' 2264 of the Revised. Statutes; and section 584, without diminution, has been carried into section 2277 of the Revised Statutes.
A plan of assessment in proportion to resulting benefits, distinct from that according- to valuation, and that by the foot front, is therefore provided by statute, which is not limited to lots and lands bounding and abutting upon the improvement, but may be extended to lots and lands contiguous and adjacent, though situated on streets other than that of the improvement.
Special assessments according to valuation are characterized by distinctive features, and are regulated by a separate statutory plan under section 2269 of the Revised Statutes.
*342 It must be evident, that the assessment under consideration in the case at bar, can be referred neither to the class according to valuation, nor to that in proportion to benefits, and must be regarded as an assessment by the foot front solely.
It is true that in the condemnation ordinance the lots and lands to be assessed, ‘ ‘bounding and abutting upon said Culvert street” between the given points, are declared “to be the lots and lands which, in the opinion of the common council, will be specially benefited by said appropriation.
But as properly said in argument of counsel, such declaration of benefits to accrue was only the finding and recital usual in ordinances providing for assessments, whether by benefits, by valuation, or by foot front, that the property to b¿ assessed is the property benefited. Such declaration by the council, that the property specially assessed will derive a special benefit, is only the statement of a legal presumption that accompanies every special assessment to pay for a street improvement. Whatever may be the plan adopted, whether by the foot front, according to valuation, or in proportion to benefits, the underlying principle is, that those who are to make a special contribution to bear the cost of a public improvement, are at the same time to suffer no pecuniary loss thereby — their property being increased in value to an amount at least equal to the sum they are required to pay. Cooley on Taxation, 606 (2d ed.).
The assessment in controversy being by the foot front, the assessing district established by the council, instead of including- only lots and lands bounding- and abutting- upon the improvement, embraced non-abutting property as 'well, lying be *343 tween the north line of Fifth street and the south line of Sixth street. Recognizing the authority of the council to create an assessing district, it must be exercised in accordance with the requirement of the statute. The statute — section 2264, Revised Statutes — requires the council to set forth by ordinance “specifically the lots and lands to be assessed but when the assessment is by the foot front, it must be “of the property bounding and abutting upon the improvement.” In such case, the legislature has prescribed the assessing district, which excludes property not bounding and abutting upon the improvement.
The improvement upon which the property must abut has reference to the specific thing which is done or added to the street whereby it is improved. The improvement is the beneficial or valuable change or addition, and of definite location on the line of the street. In the present case, the improvement was embraced in that part of Culvert street, which was evidenced by appropriating the land of Clifford Perin. But it cannot be properly said, that all the lots and lands abutting on Culvert street, between Fifth and Sixth streets, abutted on the improvement, within the meaning’ of the} statute, because the street between those points might be improved, in the sense of being benefited, by the widening of the part at Fifth street.
The record discloses that the assessment was held by the circuit court to be valid and binding as to the property of Perin, because it abutted on the strip of ground condemned. But the property of Henry Batsche, bounding’ upon the part of Culvert street where it was widened under the condemnation proceedings, and lying opposite the condemned strip, was relieved from the assessment as land not *344 abutting upon the improvement. It is true a portion of the street intervened, and the land of Batsche did not come in actual contact with the ground appropriated; but we do not think that the words of the statutes, “bounding and abutting upon the improvement,” are to be so restricted in their application as to exclude property in the same situation as that of Batsche in reference to the improvement. As soon as the appropriation was made, the ground became incorporated as part and parcel of the widened portion of the street, and the propertjr on both sides of the street abutted then on the improvement. Thereafter, the proprietors of lots. fronting on both sides of the street might enjoy the free and lawful use of the condemned land; and the easement in the street, appendant to the abutting lots, extended as well to the newly appropriated ground as to the remaining portion of the street in front of the lots.
In Richards v. Cincinnati, 31 Ohio St., 506, it was held that, where a strip of land ninety-one feet in width was dedicated for a street, and the municipal authorities improved a street thereon, of the width of ninety feet, leaving one foot on one side thereof unused, except in sloping the embankments and excavations, the owners of property abutting on such foot of land became liable to be assessed as owners of property abutting on the improvement. It was said by McIlvaine, J.: “It seems to us that, in order to exempt these proprietors from assessment as abutters on the improvement, it must appear that this intervening foot of land deprives them of full, free, and lawful access to the street improved. * * * If the public right to its use still continues, * * * their liability to assessment is *345 certain. That this foot of land, before the improvement of the avenue, was subject to the use of the public, as part of a highway, is not disputed ; and we are unable to find any ground upon which it can be held that such right in the public has terminated. ’ ’
The principle thus announced by this court was applied in Chicago, Burlington and Quincy Railroad Company v. The City of Quincy, 136 Ill., 563, where the sidewalks, instead of the street, as in the case at bar, intervened between the street improvement and the lots bounding on the sidewalks. It was there held that, where a street is required to be improved between the sidewalks on either side, land or,lots extending up to the sidewalk will be subject to special taxation to defray the expenses of the improvement, as property contiguous to such street, the sidewalks for this purpose, being a part of the street, though not ordered to be improved.
In accordance with the foregoing views, the assessment by the foot front should be held valid and binding as to the property of Henry Batsehe —as bounding and abutting upon the improvement —and with a modification of the judgment of the circuit court in that respect, the judgment of that court should be affirmed.

Judgment accordingly.

Minshall, J., dissenting from the modification.
Spear, J., did not sit in this ease.